IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHUN BIRCH,

          Plaintiff,

          v.                                  CASE NO. 17-3028-SAC-DJW

SPRINT/NEXTEL CORPORATION, et al.,

          Defendants.

## NOTICE AND ORDER TO SHOW CAUSE

Plaintiff is hereby required to show good cause in writing to the Honorable Sam A. Crow, United States District Judge, why this action brought under 42 U.S.C. § 1983 should not be dismissed for failure to state a claim. If plaintiff fails to show good cause within the time prescribed herein, this action may be dismissed without further notice.

Mr. Birch, while an inmate of the Sterling Correctional Facility in Sterling, Colorado ("SCF") filed this pro se civil complaint under 42 U.S.C. § 1983. He proceeds in forma pauperis.[1] Plaintiff alleges that defendants, Sprint/Nextel Corporation and various other Sprint entities, violated both the constitution and 18 U.S.C. § by failing to respond to a subpoena issued in 2007.[2] Specifically, plaintiff alleges that in November of 2007, a Denver police detective sent to Sprint preservation letters and a search warrant seeking cell phone records related to a homicide that occurred eleven months before, on December 6, 2006. Sprint provided all

---

[1] On March 1, 2017, the court granted plaintiff's motion for leave to proceed in forma pauperis and directed plaintiff to pay an initial partial filing fee of $39.50 within 14 days of receiving the order. Plaintiff made the initial payment on March 13, 2017.

[2] Plaintiff seems to use the term "subpoena" to refer to a preservation letter and search warrant sent by investigators to Sprint.

1

requested records except cell-site data, which had already been purged pursuant to Sprint's 60-day data retention policy. Plaintiff claims that "a reasonable probability exists" that had the cell-site data been preserved, he would not have later been convicted in 2011 of first-degree murder.

The court is required by statute to screen the complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A pro se party's complaint must be given a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a party proceeding pro se has "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

Having considered plaintiff's allegations, the court finds the complaint is subject to summary dismissal because plaintiff's claims are time-barred. The Supreme Court directs courts to look to state law for the appropriate period of limitations in cases filed under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 266–67 (1985). In Kansas, that period is two years. *See Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 630–31 (10th Cir. 1993) (two-year statute of limitations in K.S.A. 60–513 applies to civil rights actions brought pursuant to 42 U.S.C. § 1983). The court looks to state law for tolling rules, just as it does for the length of statutes of limitations. *Wallace v. Kato*, 549 U.S. 384, 395, 127 S. Ct. 1091, 1098-99 (2007). A prisoner's civil rights complaint may be dismissed sua sponte as time-barred, typically after

giving the prisoner notice of the timeliness issue and an opportunity to provide the necessary showing.  *See, e.g., Starr v. Kober*, 642 Fed. App'x 914, 2016 WL 929724, at *4 (10th Cir., March 11, 2016).  Plaintiff alleges a purported constitutional violation which occurred at the very latest in 2011 – more than two years before he filed his complaint on February 23, 2017 – and the complaint contains no allegations to establish a factual basis for tolling the statute.  *See Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (holding that when the dates given in the complaint make clear that the right sued upon has been extinguished, plaintiff has the burden to establish a factual basis for tolling the statute).

The court further finds that the complaint is subject to dismissal because it fails to state a claim upon which relief can be granted.  For liability to attach under 42 U.S.C. § 1983, the defendant must have acted "under color of state law"; this requirement is an essential element of a Section 1983 claim.  *West v. Atkins*, 487 U.S. 42, 48–49 (1988); *Polk County v. Dodson*, 454 U.S. 312, 315 (1981). A defendant acts "under color of state law" when he or she exercises "power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Lugar v. Edmonsdson Oil Co., Inc.*, 457 U.S. 922, 929 (1982) (citations omitted); *West*, 487 U.S. at 49; *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1208 (10th Cir. 2005), cert. denied, 547 U.S. 1111 (2006). It is plaintiff's burden to meet the jurisdictional prerequisite that the defendants acted under color of state law. *Hall v. Witteman*, 569 F.Supp.2d 1208, 1220 (D. Kan.2008) (citing *Dry v. City of Durant*, 242 F.3d 388 (10th Cir. 2000), aff'd, 584 F.3d 859 (10th Cir. 2009). Plaintiff alleges no facts that the defendants acted under color of state law, or conspired with state actors, or participated in any type of joint action with the State.  Accordingly, plaintiff has alleged no basis for suing defendants under 42 U.S.C. § 1983 and the complaint therefore states no claim upon which relief can be granted.

Finally, 18 U.S.C. § 2703(e) specifically provides that no cause of action can be brought against a wire or electronic communication provider for disclosing information pursuant to a court order, warrant, subpoena, or other authorization. Consequently, plaintiff's complaint states no claim upon which relief can be granted.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff is given twenty-one (21) days to show good cause in writing to the Honorable Sam A. Crow, United States Senior District Judge, why plaintiff's complaint should not be dismissed as time-barred and for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED**.

Dated this 1st day of June, 2017, in Kansas City, Kansas.

**s/ David J. Waxse**
**David J. Waxse**
**U.S. Magistrate Judge**